UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:17-cv-00202-MOC-DSC

| | |
|---|---|
| **ROBERT PAYNE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | ROSEBORO |
| Vs. ) | ORDER |
| ) | |
| **MERCK SHARP & DOHME CORP.** ) | |
| **MERCK & CO., INC.** ) | |
| **MCKESSON CORPORATION,** ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on defendants' Motion to Dismiss (#10). Review of the docket reveals that the North Carolina attorney who filed this action in state court did not, after removal and notice from the Clerk of this Court, timely make application for admission to the Bar of this Court and was stricken as counsel of record by Judge Cayer. See Order (#12). Substitute counsel licensed to practice in this Court has not appeared. Thus, the Court concludes that the plaintiff is proceeding pro se in what appears to be a complex civil action and is facing a thoroughly briefed Motion to Dismiss to which a response is presently overdue.

***

Plaintiff is now advised that he is representing himself and that a Motion to Dismiss (#10) was filed by defendants and supported by a Memorandum of Law (#11). In that motion, defendants ask this Court to dismiss the Complaint for failure to state a claim under

-1-

Rule 12(b)(6), Federal Rules of Civil Procedure, and for failure to sufficiently plead fraud under Rule 9(b), arguing that plaintiff has failed to state with particularity the circumstances constituting fraudulent misrepresentation, negligent misrepresentation, and consumer fraud. In federal court, motions are usually resolved on the pleadings and without a hearing.

Plaintiff is further advised that he has the right to file a written response to the defendants' Motion to Dismiss. In that response, plaintiff needs to explain to the Court why his claims should survive the Motion to Dismiss and point to any relevant law that supports his argument. Plaintiff is advised that he must also send a copy of that response by mail to counsel for defendants and certify that he has done so in his response. Plaintiff is further advised that if he fails to file a written response within the time provided by this Order, it is possible that his Complaint could be summarily dismissed. Finally, plaintiff is advised that the issues presented are complex and that while he has the right to represent himself, he should attempt to secure counsel licensed to practice in this Court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff file and serve a response to defendants' Motion to Dismiss (#10) in this Court not later than December 22, 2017.

**IT IS FURTHER ORDERED** that in accordance with the undersigned's Standing Order, the Motion to Dismiss be referred to a United States Magistrate Judge for

consideration of the Motion to Dismiss and any timely response and reply in preparing a Memorandum and Recommendation.

***

In addition to mailing a copy of this Order to plaintiff on the return address found on the state-court summonses, the Clerk of Court is, in an abundance of caution, instructed to send courtesy copies of this Order to plaintiff's state-court counsel at the addresses provided on the Complaint (#1-1), his professional address maintained by the NC State Bar, and by email, as follows:

>   Samy S. Elsherbini
>   NC Bar No: 51313
>   MARC J. BERN & PARTNERS, LLP
>   60 E. 42nd St. Ste 950
>   New York, New York 10165
>
>   Samy S. Elsherbini
>   4825 Benhill Drive
>   Harrisburg, NC 28075
>
>   sam@patronuslaw.com

Signed: December 5, 2017



Max O. Cogburn Jr
United States District Judge

-3-